UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1) | ROBERT G. MARTIN VI, | ) | |
| | | ) | |
| | Plaintiff, | ) | CIV-20-1313-G |
| | | ) | Case No.:_____ |
| v. | | ) | (*formerly Oklahoma County District* |
| | | ) | *Court; Case No.: CJ-2020-5751*) |
| 2) | JUAN CARLOS MENDEZ | ) | |
| | JACOBO; | ) | |
| 3) | JAMES ARTHUR SETTLE; | ) | |
| 4) | S&S TRUCKING; | ) | |
| 5) | PROGRESSIVE COUNTY | ) | |
| | MUTUAL INSURANCE | ) | |
| | COMPANY; | ) | |
| 6) | JOHN DOES 1-3, | ) | |
| | | ) | |
| | Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, James Arthur Settle and S&S

Trucking (hereinafter "Defendants"), hereby remove the above-captioned matter from the

District Court of Oklahoma County, State of Oklahoma, to this Court.  Pursuant to LCvR

81.2(a), a copy of the State Court Docket Sheet as well as all documents filed or served in

the state court action are attached hereto as **Exhibits 1-8**.

The removal of this matter to federal court is based on the following:

### <u>Alleged Factual Background</u>

1.      Plaintiff, Robert G. Martin VI, (hereinafter "Martin"), commenced this action

in the District Court of Oklahoma County, State of Oklahoma on December 2, 2020.  (*See*

Petition, **Exhibit 2**.)

2.      Therein, Plaintiff alleges that on December 23, 2019, he was involved in an automobile accident with Juan Carlos Mendez Jacobo and James Arthur Settle.  Plaintiff alleges said accident was caused by the negligence of Mr. Jacobo and Mr. Settle. (*See* Petition, ¶¶ 15, 18, **EXHIBIT 2**.)

3.       Plaintiff claims that, at the time of the accident, Mr. Settle was in the course and scope of his employment with S&S Trucking and/or certain John Doe Defendants. (*See* Petition, ¶ 20, **EXHIBIT 2**.)

4.      As such, Plaintiff alleges claims against S&S Trucking and the Doe Defendants sounding in negligence, respondeat superior, joint venture, agency, vicarious liability, and statutory employment doctrines as well as apparent and/or actual agency. (*See* Petition, ¶¶ 8, 20, **EXHIBIT 2**.)

5.      Plaintiff alleges that as a result of this accident he "has suffered damages including the loss of income, incurred medical expenses and other economic damages." (*See* Petition, ¶ 21, **EXHIBIT 2**.)

6.      Plaintiff further claims the "actions and omissions" of Mr. Jacobo, Mr. Settle, S&S Trucking, and the John Doe Defendants warrant an award of punitive damages. (*See* Petition, ¶ 44, **EXHIBIT 2**.)

7.      By way of the present lawsuit, Plaintiff seeks to recover in excess of $75,000.00.  Specifically, Plaintiff requests judgment for "actual, compensatory, and punitive damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332

of Title 28 of the United States Code, together with statutory pre-judgment and post-judgment interest, attorney's fees, costs of this action and any other relief the Court deems just and equitable." (*See* Petition, Wherefore Clause, **EXHIBIT 2**.)

**JURISDICTION**

8.      "'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

9.      Generally, jurisdiction depends on the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571-72 (2004).

10.      At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

11.      Nevertheless, as shown below, pursuant to 28 U.S.C. §1332(a), this is a civil action over which this Court has original jurisdiction. The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

12.      At the time of filing, Plaintiff was a citizen  and resident of the State of Oklahoma.  (*See* Petition, ¶ 1, **EXHIBIT 2**.)

3

13.     At the time of filing, Juan Carlos Mendez Jacobo was a citizen and resident of the State of Minnesota. (*See* Petition, ¶ 2, **EXHIBIT 2**; Proof of Service, **EXHIBIT 5**.)

14.     At the time of filing, James Arthur Settle was a citizen and resident of the State of Texas. (*See* Petition, ¶ 3, **EXHIBIT 2**; Proof of Service, **EXHIBIT 6**.)

15.     "[A] sole proprietorship has no legal existence apart from its owner." *Matter of Grand Jury Empanelled,* 597 F.2d 851, 859 (3d Cir. 1979); *see also Jordan v. Grace Living Centers*, Case No. CIV-19-654-G, 2020 WL 130147, at \*2 (W.D. Okla. Jan. 9, 2020). As such, for purposes of diversity jurisdiction, district courts across the country have consistently held that a sole proprietorship is deemed to be a citizen of any state of which its sole proprietor is a citizen.[1]

16.     James Arthur Settle is the sole proprietor of S&S Trucking.  As stated above, James Arthur Settle was a citizen and resident of the State of Texas at the time of filing. (*See*

---

[1] *See Sharp v. New Jersey Discount Tire,* No. 3:14-CV-00663, 2015 WL 3604069, at \*4 (M.D. Pa. June 5, 2015); *Lyerla v. Amco Inc. Co.,* 461 F. Supp.2d 834, 836-37 (S.D. Ill. 2006); *Smith v. Agresta,* No. Civ.A.04-5266, 2005 WL 950603, at \*1 (E.D. Pa. Apr. 21, 2005) (citing *Beasley v. Klepp,* CIV. A. No. 87-4878, 1988 WL 96801, at \*1 (E.D. Pa. Sept. 15, 1988)); *Cumberland Mut. Fire Inc. Co. v. Michael Gratz Insurers,* No. 12-2404, 2012 WL 6093295, at \*2 (M.D. Pa. Dec. 7, 2012); *Travelers Ins. Co. v. Broadway W. St. Assocs.,* No. 92-5650, 1994 WL 174242, at \*5 (S.D. N.Y. May 5, 1994) (collecting cases); *see also Travelers Indemnity Company v. Bright Star Dairy*, No. 15-CV-1012 SMV/GBW, 2015 WL 12832155, at \*2 (D. N.M. Nov. 17, 2015); *Nostalgia Network, Inc. v. Lockwood,* No. 00-2418, 2001 WL 62594, at \*4 (N.D. Ill. Jan. 25, 2001). This is "in keeping with the standard definition of sole proprietorship." *Id.* (citing Blacks Law Dictionary, 1607 (10 ed. 2014), which defines a "sole proprietorship" as a "business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity.")

Petition, ¶ 3, **Exhibit 2**; Proof of Service, **Exhibit 6**; FMCSA Amendment, **Exhibit 9**.)
Thus, S&S Trucking is deemed to be a citizen of the State of Texas.

17.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen
of any state by which it has been incorporated and the state where it maintains its principal
place of business.  28 U.S.C. §1332(c).  While Congress did not define "principal place of
business," the Supreme Court has held that a corporation's principal place of business is
presumed to be the place of the corporation's headquarters or "nerve center."  *Hertz Corp.
v. Friend*, 559 U.S. 77, 92-93 (2010).

18.     At the time of filing, Progressive County Mutual Insurance Company was a
foreign corporation, incorporated under the laws of the State of Texas, with its "nerve center"
or "principal place of business" in Texas. (*See* Annual Statement, **Exhibit 10**.)  Progressive
was not and is not a citizen of the State of Oklahoma.

19.     "In determining whether a civil action is removable on the basis of the
jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under
fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Australian Gold, Inc
v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006)(Under the federal removal statutes the
presence of 'John Doe' defendants at the commencement of an action creates no impediment
to removal and the citizenship of such defendants should be disregarded when considering
the propriety of removal.).

20.     Disregarding the so-called (and non-existent) "John Doe" Defendants, the complete diversity requirement of 28 U.S.C. § 1332 is met.

21.     28 U.S.C. § 1446 generally requires that all defendants in multi-defendant cases join in the petition for removal or consent to such action. There are, however, exceptions to this rule.  One such pertinent rule states that a removing defendant need not obtain a fictitious or nominal defendant's consent before removing the action.[2]

22.     All necessary defendants, *i.e.* Progressive County Mutual Insurance Company and Juan Carlos Mendez Jacobo, have joined in or consented to this removal.

_____

[2] *See generally, Howard v. Bostrom,* 2007 WL 3046446, *1 (N.D. Okla. Oct. 16, 2007)(citing *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.,* No. 04-1377-JTM, 2005 WL 1153600, at *1-2 (D. Kan. May 16, 2005)("[E]xceptions exist for the non joinder of nominal, unknown, unserved or fraudulently joined defendants.")); *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n,* Series No. 52, C.A.4 (S.C.) 1954, 217 F.2d 1, certiorari denied 75 S.Ct. 599, 349 U.S. 91, 99 L.Ed. 1246 (Where all defendants joined in amended petition except an apparently fictitious defendant, and there was nothing to show that such defendant actually existed, granting of removal was not error, on ground that all defendants failed to join in removal petition.); *Glendening v. Genuine Parts Co., Inc.,* 960 F. Supp. 243, 244 (D. Colo. 1997)("The exceptions [to unanimity] include unknown or nominal parties, defendants who have been fraudulently joined, or non-resident defendants who have not been served at the time of removal."); *Scheall v. Ingram,* 930 F. Supp. 1448, 1449, n.1 (D. Colo. 1996)*; Balazik v. County of Dauphin*, 44 F.3d 209, 213 & n.4 (3d Cir. 1995); *McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043, 1045 & n. 5 (E.D. Pa. 1989)(citing *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1447 & n.4 (N.D. Ill. 1987)("There are exceptions to this requirement [unanimity], not applicable to this case, where a non-joining defendant is an unknown or nominal party or where a defendant is fraudulently joined.").

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT
## REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

23.     Diversity jurisdiction also requires the removing party to demonstrate the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332.  In the instant case, this requirement is also met.

24.     The Tenth Circuit has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition is filed."  *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking damages for "actual, compensatory, and punitive damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with statutory pre-judgment and post-judgment interest, attorney's fees, costs of this action and any other relief the Court deems just and equitable." (*See* Petition, Wherefore Clause, **EXHIBIT 2**.)

25.     Therefore, based upon the foregoing, the amount in controversy requirement is met.

## DEFENDANTS' REMOVAL TO THIS COURT IS TIMELY AND PROPER

26.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  James Arthur Settle and S&S Trucking were served on December 11, 2020. (*See* Proof of Service, **EXHIBIT 6**.)  As such, it has not been thirty (30) days since Defendants were served with this lawsuit.  Additionally, pursuant to the same federal statute, one year

has not elapsed since the commencement of this action.  (*See* Petition, filed on December 2, 2020, **EXHIBIT 2.**)

27.     This action has been removed to the proper Federal District Court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending."  28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma.  The Western District of Oklahoma includes the County of Oklahoma County.  28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

28.     Pursuant to 28 U.S.C. § 1446(d), Defendants will serve written notice of the filing of this Notice of Removal upon Plaintiff.  Defendants will also file a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendants, James Arthur Settle and S&S Trucking remove this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Lauren N. Watson
Paul M. Kolker, OBA No. 18749
Brad L. Roberson, OBA No. 18819
Lauren N. Watson, OBA No. 33636
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       paul@rkcglaw.com
             brad@rkcglaw.com
             lauren@rkcglaw.com
**ATTORNEYS FOR DEFENDANTS, JAMES
ARTHUR SETTLE AND S&S TRUCKING**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jason Waddell, Esquire
Maurice G. Woods, II, Esquire
Kelly A. Chilcoat, Esquire

s/ Lauren N. Watson
For the Firm

I hereby certify that on December 31, 2020, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Oklahoma County Court Clerk
320 Robert S. Kerr Avenue, Room 409
Oklahoma City, Oklahoma 73102

s/ Lauren N. Watson
For the Firm
