EXHIBIT 2

CJ-2020-5751

Truong



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC - 2 2020

RICK WARREN
COURT CLERK

| | |
|---|---|
| ROBERT G. MARTIN VI, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 108 _____<br>) |
| JUAN CARLOS MENDEZ JACOBO;<br>JAMES ARTHUR SETTLE; S&S<br>TRUCKING; PROGRESSIVE<br>COUNTY MUTUAL INSURANCE<br>COMPANY; and JOHN DOES 1-3, | )<br>) **CJ-2020-5751**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PETITION

COMES NOW Plaintiff, Robert G. Martin VI ("Plaintiff"), and for his cause of action against Defendants Juan Carlos Mendez Jacobo ("Jacobo"), James Arthur Settle ("Settle"), S&S Trucking ("S&S"), John Does 1-3 ("Does 1-3"), and Progressive County Mutual Insurance Company ("Progressive") (collectively, "Defendants"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Oklahoma County, Oklahoma.

2. Upon information and belief, Defendant Jacobo is a resident of the State of Minnesota.

3. Upon information and belief, Defendant Settle is a resident of the State of Texas.

4. Defendant Settle was operating a semi-tractor and trailer in the course and scope of his employment with Defendant S&S in the State of Oklahoma when he lost a dual assembly on his trailer, releasing two tires into traffic on I-35 in Payne County, Oklahoma.

5. Said semi-tractor bore a Texas license tag, R244674. Upon information and belief, Settle and S&S were required to be and were in fact insured as required by OKLA. STAT. tit. 42, § 230.30.

6. S&S directs business activities toward Oklahoma on a regular basis.

7. S&S and Settle were, upon information and belief, the owners of the tractor and the employers of Settle who was involved in the injury crash with Plaintiff in Payne County, Oklahoma on December 23, 2019.

8. S&S is responsible, along with Settle, for Plaintiffs' damages under the theories of negligence, negligence *per se*, respondeat superior, joint venture, agency, vicarious liability, statutory employment doctrines and apparent and/or actual agency.

9. Progressive is the liability insurer of S&S and Settle.

10. Progressive is properly named in this action pursuant to pursuant to OKLA. STAT. tit. 47 § 230.30 and is, by operation of law, jointly liable with S&S and Settle.

11. Defendant Does 1-3 are the owners/operators/manufacturers or other negligent parties who are currently undiscovered by Plaintiff but who will be added as their identities become known through the course of discovery.

12. At all relevant times, Settle was operating the tractor-trailer owned by S&S as either an agent, servant and/or employee of said Defendants or as a joint venturer with S&S.

13. This court has jurisdiction over this matter because the collision happened in Oklahoma. OKLA. STAT. tit. 12, § 2004(F).

14. Venue is appropriate in this county pursuant to OKLA. STAT. tit. 12, § 141(1), because this is a civil action arising from the use of motor vehicles, and venue shall be in any county of this State where service of summons can be obtained upon one or more of the defendants.

## FACTS

15. On or about December 23, 2019, Settle was operating a refrigerated tractor trailer southbound on I-35 in Payne County, Oklahoma when a dual assembly fell off the driver's side of the trailer. Two tires departed the vehicle and struck Jacobo's vehicle.

16. Settle pulled the refrigerated trailer onto the shoulder of the highway. Jacobo continued southbound briefly, then pulled to the shoulder.

17. Plaintiff was also traveling southbound on I-35 and as he passed the tractor-trailer struck Jacobo's vehicle. Plaintiff was unable to avoid colliding with Jacobo.

18. Jacobo and Settle failed to operate their vehicles in a safe and careful manner, and their negligence is the proximate cause of Plaintiff's injuries.

19. Progressive is, by operation of law, jointly liable with S&S and Settle.

20. The careless, reckless and grossly negligent actions and omissions of Settle, in the course and scope of his employment and/or agency and/or joint venture with S&S and/or Defendant Does 1-3, were the proximate cause of Plaintiff's damages.

21. The actions and omissions of the Defendants arise to the level of willful, reckless, and gross disregard of the rights of Plaintiff and others. As a result, Plaintiff has suffered damages including the loss of income, incurred medical expenses and other economic damages.

## FIRST CAUSE OF ACTION

**NEGLIGENCE AGAINST DEFENDANTS SETTLE AND S&S: RESPONDEAT SUPERIOR/AGENCY/JOINT VENTURE**

22. Plaintiff adopts and reallege the preceding paragraphs and allegations as if fully set forth.

23. Settle had a duty to use reasonable care in the operation of the commercial tractor trailer that he was operating.

24. Settle breached that duty while acting within the course and scope of his employment/agency/joint venture with S&S and Does 1-3.

25. As a result of Settle's negligence, gross negligence, and recklessness which proximately caused injuries to Plaintiff, Plaintiff has suffered damages and are entitled to recover actual and punitive damages against S&S, Settle and Defendant Does 1-3.

## SECOND CAUSE OF ACTION

**NEGLIGENCE AGAINST S&S AND DEFENDANT DOES 1-3: NEGLIGENT ENTRUSTMENT, SUPERVISION, HIRING AND FAILURE TO TRAIN**

26. Plaintiffs adopt and reallege the preceding paragraphs and allegations as if fully set forth.

27. S&S was negligent in entrusting their dangerous instrumentality, a tractor trailer, to Settle and was further negligent in their hiring, screening, training, testing and supervision of Settle.

28. Defendants Does 1-3 were negligent in entrusting their dangerous instrumentality, a tractor trailer, to Settle and were further negligent in their hiring, screening, training, testing and supervision of Settle.

29. As a proximate result of S&S and Does 1-3's negligence, Plaintiff was injured.

30. Due to Plaintiff's injuries, he has suffered damages and are entitled to recover actual and punitive damages against S&S and Defendant Does 1-3.

### THIRD CAUSE OF ACTION

## NEGLIGENCE AGAINST DEFENDANTS SETTLE, S&S, and JOHN DOES 1-3

31. Plaintiff adopt and reallege the preceding paragraphs and allegations as if fully set forth.

32. Settle was a licensed commercial driver operating a 2000 Kenilworth tractor bearing Texas license plate R244674, and a trailer.

33. Defendant Settle operated the tractor trailer in a negligent manner, as his trailer lost two tires that struck traffic in violation of the Federal Motor Carrier Safety Administration. 49 CFR Part 350-397. The negligent vehicle malfunction resulting in damage and injury to persons and property was in violation of the Federal Motor Carrier Safety Administration. 49 CFR Part 350-397.

34. As a proximate result of Defendants negligence, Plaintiff was injured.

35. Plaintiff has been damaged as a result of Defendants' negligence.

36. Plaintiff is entitled to recover actual and punitive damages against Defendants.

### FOURTH CAUSE OF ACTION

## NEGLIGENCE AGAINST DEFENDANT JACOBO

37. Plaintiff adopts and reallege the preceding paragraphs and allegations as if fully set forth.

38. Jacobo was a licensed driver operating a 2015 GMC Arcadia.

39. Jacobo operated his vehicle in a negligent manner by failing to clear the roadway.

40. As a proximate result of Jacobo's negligence in operating his vehicle, Plaintiff was injured.

41. Plaintiff has been damaged as a result of Jacobo's negligence.

42. Plaintiff is entitled to recover actual and punitive damages against Jacobo.

### FIFTH CAUSE OF ACTION

### PUNITIVE DAMAGES AGAINST ALL DEFENDANTS EXCEPT PROGRESSIVE

43. Plaintiff adopts and realleges the preceding paragraphs and allegations as if fully set forth.

44. Defendants' actions and omissions, by clear and convincing evidence, warrant the imposition by the court and the jury of punitive damages in an amount determined in their good conscience, except as to Progressive.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants actual, compensatory, and punitive damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with statutory pre-judgment and post-judgment interest, attorney's fees, costs of this action and any other relief the Court deems just and equitable.

Respectfully submitted,

Jason Waddell, OBA No. 30761
JASON WADDELL, PLLC
222 NW 13th Street

Oklahoma City, OK 73103
Telephone: (405) 232-5291
Facsimile: (405) 708-7871
Jason@JasonWaddellLaw.com
**ATTORNEY FOR PLAINTIFF**

ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED