UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) ROBERT G. MARTIN VI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: CIV-2020-1313 |
| v. | ) | |
| | ) | |
| 2) JUAN CARLOS MENDEZ JACOBO; | ) | |
| 3) JAMES ARTHUR SETTLE; | ) | |
| 4) S&S TRUCKING; | ) | |
| 5) PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY; | ) | |
| 6) JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, PROGRESSIVE COUNTY MUTUAL INSURANCE
COMPANY'S, SPECIAL APPEARANCE AND MOTION TO DISMISS**

Respectfully submitted,

s/ Lauren N. Watson
Paul M. Kolker, OBA No. 18749
Brad L. Roberson, OBA No. 18819
Lauren N. Watson, OBA No. 33636
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:   paul@rkcglaw.com
brad@rkcglaw.com
lauren@rkcglaw.com
**ATTORNEYS FOR PROGRESSIVE
COUNTY MUTUAL INSURANCE
COMPANY**

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-v

CASE SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       **PROPOSITION I:**       **PLAINTIFF DID NOT PROPERLY SERVE
PROGRESSIVE COUNTY** . . . . . . . . . . . . . . . . . . 4

       **PROPOSITION II:**     **THIS COURT HAS NO PERSONAL
JURISDICTION OVER PROGRESSIVE
COUNTY MUTUAL INSURANCE
COMPANY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    **A.**    *Burden of Proof* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    **B.**    *Neither General Nor Specific Jurisdiction Exists Here* . . . . . . . . . . . . . 10

        **1.**    *General Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        **2.**    *Specific Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## <u>TABLE OF AUTHORITIES</u>

### CASES

*AST Sports Science, Inc. v. CLF Distribution Ltd.,*
514 F.3d 1054, 1057 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bootenhoff v.  Hormell Foods Corp.,*
WL 3250335, at *1 (W.D. Okla. Aug. 7, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco, et al.,*
137 S. Ct. 1773, 1780 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10,13,16,17

*Burger King v. Rudzewicz,*
471 U.S. 462, 471-472, 105 S.Ct. 2174, 2181 (1985)  . . . . . . . . . . . . . . . . . . . . . . . .   9,14

*Cagle v. Rexon Industrial Corp., Ltd.,*
2019 WL 1960360, at *8 (W.D. Okla. May 2, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

 *Daimler AG v. Bauman,*
571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10,11

*Deerinwater v. Circus Circus Enterprises,*
2001 OK CIV APP 37, 21 P.3d 646, 650 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,*
514 F.3d 1063, 1072 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,*
618 F.3d 1153, 1159 (10th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc.,*
239 F.2d 502, 507 (CA4 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.,*
2000 OK 78, ¶ 14, 13 P.3d 480, 484 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Giangola v. Walt Disney World Co.,*
753 F.Supp. 148, 154 (D.N.J. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ii

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

*Graff v. Kelly,*
1991 OK 71, 814 P.2d 489, 495 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Habyarimana v. Kagame,*
821 F.Supp.2d 1244, 1255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*Hanson v. Denckla,*
357 U.S. 235, 253 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,14

*Hardy v. Joseph I. Sussman, P.C.,*
953 F. Supp. 2d 102, 106, n.1 (D.D.C. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U.S. 408, 414, 104 S.Ct. 1868, 1872 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10,13

*Horrigan v. State Farm Insurance Co.,*
106 Wis.2d 675, 680, 317 N.W.2d 474, 477 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hukill v. Okla. Nativ. Am. Domestic Violence Coal.,*
542 F.3d 794, 802 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Hutto v. United States Gov't,*
*2010 WL 2854685 (N.D. Okla. July 16, 2010)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Intercon, Inc. v. Bell Atl. Internet Sol.,*
205 F.3d 1244, 1247 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*International Shoe Co. v. Washington,*
326 U.S. 310, 319, 66 S.Ct. 154, 160 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*J. McIntyre Machines, Ltd. v. Nicastro,*
564 U.S. 873, 885-86, 131 S. Ct. 2780, 2790-91 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Johnson v. Kusel,*
298 N.W.2d 91, 93 (S.D. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iii

*Meela, Ltd. v. Jawer SA,*
511 F.3d 1060, 1065 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Montgomery v. Airbus Helicotpers, Inc.,*
2018 OK 17, 414 P.3d 824, 833 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,17

*Moore's Federal Practice,*
¶ 4.02[3], at 4-45, ¶ 4.08, at 4-95 to -96 ¶ 4.20, at 4-166 . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Okla. Pub. Emps. Ass'n v. State ex rel Okla. Office of Pers. Mgmt.,*
2011 OK 68, ¶ 13, N. 18, 267 P.3d 838, 845 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*OMI Holdings, Inc. v. Royal Ins. Co.,*
149 F.3d 1086, 1091 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

*Rambo v. American Southern Ins. Co.,*
839 F.2d 1415, 1417 (10th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9,14

*Reilly v. Phil Tolkan Pontiac, Inc.,*
372 F.Supp. 1205 (N.J.1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sheehan Pipe Line Constr. Co. v. Laney Directional Drilling Co.,*
228 F.Supp.2d 1271, 1275-76 (N.D. Okla. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sieg v. Karnes,*
693 F.2d 803, 807 (8th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*State v. Kaufman,*
201 N.W.2d 722, 724 (Iowa 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Uppgren v. Executive Aviation Services, Inc.,*
304 F.Supp. 165, 170-171 (Minn.1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Velasco v. Ruiz,*
2019 OK 46 , ¶ 9, 457 P.3d 1014, 1017-18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Washington Mut. Bank FA v. Farhat Enterprises, Inc.,*
2003 OK CIV APP 78, ¶ 11, 73 P.3d 1103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Western Farmers Electric Cooperative v. Sterling Planet, Inc.,*
311 F.R.D. 672, 674 (W.D. Okla. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Woods v. Woods,*
1992 OK 64, ¶ 5, 830 P.2d 1372, 1374. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*World-Wide Volkswagen Corp. v. Woodson*
444 U.S. at 295. (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,15

*Zon LED, LLC v. Power Partners, Inc.,*
2017 WL 4158663, at *2 (W.D. Okla. Sept. 19, 2017) . . . . . . . . . . . . . . . . . . . . . . 13,14

<u>**STATUTES**</u>

47 O.S. § 230.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

36 O.S. § 621. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5

12 O.S. § 2004. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LCvR 7.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4

Fed. R. Civ. P. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pursuant to FED. R. CIV. P. 12(b)(2) and (5) and LCvR 7.1, Defendant, Progressive County Mutual Insurance Company ("Progressive County"), appears specially and moves for dismissal. As more fully set forth below, service of process was improper. Further, this Court lacks personal jurisdiction over Progressive County in any event.

In support of this Motion, Progressive County offers the following brief:

## CASE SUMMARY

Plaintiff, Robert G. Martin VI, alleges that on December 23, 2019, he was injured as the result of an automobile accident involving Co-Defendants, Juan Carlos Mendez Jacobo and James Arthur Settle. Plaintiff claims Settle was operating his vehicle in the course and scope of his employment with S&S Trucking at the time of the accident. Plaintiff further claims Progressive County is "jointly" liable with Settle and S&S Trucking pursuant to 47 Okla. Stat. § 230.30.[1]

As evidenced herein, however, Progressive County, has insufficient contacts with the State of Oklahoma to justify this Court's assumption of jurisdiction over it in this case. Progressive County is a Texas company with its principal place of business in Austin, Texas. It has no contacts whatsoever with the State of Oklahoma (other than the fact that a vehicle

---

[1]This, of course, is impossible. As a Texas trucking operation, S&S Trucking is not licensed by the Oklahoma Corporation Commission. Moreover, Plaintiff does not allege the Oklahoma Corporation Commission approved S&S Trucking's insurance policy, which is a condition precedent to a "direct action." For these reasons, 47 Okla. Stat. § 230.30 does not operate to authorize Plaintiff's inclusion of Progressive County in this action. This issue is moot, however, by virtue of the fact that personal jurisdiction is lacking.

1

it insured passed through the State of Oklahoma in 2019 and allegedly caused this one accident). Similarly, inasmuch as Progressive County does not conduct business in the State of Oklahoma, the Oklahoma Insurance Commission is not the company's registered agent. The Commission has no legal ability to accept service on Progressive County's behalf. As a consequence, Plaintiff's "service" on Progressive County by way of the Insurance Commissioner is invalid. For these reasons, and as set forth more fully herein, Progressive County should be dismissed.

## FACTUAL BACKGROUND

1. The present lawsuit relates to a multi-vehicle accident which occurred between Plaintiff and Defendants Jacobo and Settle on December 23, 2019. (*See* Plaintiff's Petition, ¶¶ 15-17, **EXHIBIT 1.**)

2. Plaintiff claims he suffered bodily injuries as a result of Defendants' negligence. (*See* Plaintiff's Petition, ¶¶ 20-21, **EXHIBIT 1.**)

3. At the time of the accident, Settle and S&S Trucking were insured by Progressive County pursuant to an automobile liability insurance policy issued to S&S Trucking in the State of Texas. (*See* Declarations Page, attached as **EXHIBIT 2**.)

4. Plaintiff alleges Progressive County is jointly liable with Defendants Settle and S&S Trucking, pursuant to 47 Okla. Stat. § 230.30. (*See* Plaintiff's Petition, ¶ 10, **EXHIBIT 1.**)

2

5.      Plaintiff claims he served Progressive County through the Oklahoma Insurance Commissioner on December 7, 2020, as contemplated by 36 Okla. Stat. § 621(B). (*See* Proof of Service, **Exhibit 3**.) However, Progressive County has not appointed the Oklahoma Insurance Commissioner as its agent of process because it does not sell insurance in Oklahoma.     (*See* Annual Report Schedule T, **Exhibit 4**.) As such, the Insurance Commissioner is not capable of receiving service for the company.

6.      Progressive County is organized under the laws of the State of Texas, with its principal place of business in Austin, Texas.     (*See* Annual Statement, **Exhibit 5**.) Progressive County only issues insurance policies to individuals and entities in the State of Texas. (*See* Annual Report Schedule T, **Exhibit 4;** Affidavit of Michael Uth, **Exhibit 6**.)

7.      Progressive County does not conduct business in the State of Oklahoma.  (*See* Affidavit of Michael Uth, **Exhibit 6**.)

8.      Progressive County is not licensed to do, and does not do, business in the State of Oklahoma.  (*See* Affidavit of Michael Uth, **Exhibit 6**.)

9.      Progressive County does not own or lease property in the State of Oklahoma. (*See* Affidavit of Michael Uth, **Exhibit 6**.)

10.      Progressive County does not maintain an office, telephone number, or post office box in the State of Oklahoma.  (*See* Affidavit of Michael Uth, **Exhibit 6**.)

11.      Progressive County does not list phone or fax information in the State of Oklahoma.   (*See* Affidavit of Michael Uth, **Exhibit 6**.)

12.     Progressive County does not advertise or solicit business in the State of Oklahoma.  (*See* Affidavit of Michael Uth, **EXHIBIT 6**.)

13.     Progressive County does not employ salespersons.  Thus, it does not and cannot send salespersons to the State of Oklahoma.  (*See* Affidavit of Michael Uth, **EXHIBIT 6**.)

14.     Progressive County does not call on prospective insureds in the State of Oklahoma.  (*See* Affidavit of Michael Uth, **EXHIBIT 6**.)

15.     Progressive County does not have any employees in the State of Oklahoma. (*See* Affidavit of Michael Uth, **EXHIBIT 6**.)

**ARGUMENTS AND AUTHORITIES**

**PROPOSITION I: PLAINTIFF DID NOT PROPERLY SERVE PROGRESSIVE COUNTY**

Under Federal Rule of Civil Procedure 12, a party may move for dismissal if service of process is insufficient. FED. R. CIV. P. 12(b)(5).  Service of process may be insufficient if, for example, the mode of delivery is invalid, service is made on an improper person, or delivery is never accomplished.  *See, e.g. Hutto v. United States Gov't*, No. 09-CV-737-JHP-FHM, 2010 WL 2854685 (N.D. Okla. July 16, 2010); *Hardy v. Joseph I. Sussman, P.C.*, 953 F. Supp. 2d 102, 106, n.1 (D.D.C. 2013)("Where the defendant challenges the lack or mode of delivery [of process], its motion is one under Rule 12(b)(5).") "Failure to properly serve the Defendants deprives th[e] court of personal jurisdiction," which is "fatal to the maintenance of an action." *Hutto, supra* (citing *OMI Hodings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

4

Plaintiff's attempted service on Progressive County was governed by 12 Okla. Stat. § 2004, which sets forth the permissible methods for service of process.[2]  Service of process upon a corporation "shall" be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to an officer, managing or general agent, or any agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. *See* 12 Okla. Stat. § 2004(C)(1)(c)(3) and (C)(2)(b); *Woods v. Woods*, 1992 OK 64, ¶ 5, 830 P.2d 1372, 1374.  With regards to § 2004(C)(2)(b), the Oklahoma Legislature's "use of the word shall is considered mandatory." *Velasco v. Ruiz*, 2019 OK 46 , ¶ 9, 457 P.3d 1014, 1017-18 (citing *Okla. Pub. Emps. Ass'n v. State ex rel Okla. Office of Pers. Mgmt.*, 2011 OK 68, ¶ 13, N. 18, 267 P.3d 838, 845).  As such, the Oklahoma Supreme Court has held that where a plaintiff fails to send a copy of the summons and petition by certified mail with delivery restricted to the addressee, service of process is insufficient. *Velasco,* 2019 OK 46 at ¶¶ 8-10; *Hukill v. Okla. Nativ. Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) (finding service to be invalid and not in substantial compliance with 12 O.S. § 2004(C)(2) where plaintiff failed to obtain restricted delivery to an authorized person.)  Importantly, in the case of foreign insurance companies authorized to transact business in the State of Oklahoma, 36 Okla. Stat. § 621 requires the insurer

---

[2] FED. R. CIV. P. 4(e)(1) authorizes service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

designate the Oklahoma Insurance Commissioner as agent to receive service of legal process issued against it in the State.

In the instant case, Plaintiff claims to have perfected service by serving a copy of the Petition and Summons on the Insurance Commissioner.  (*See* Proof of Service, **EXHIBIT 3**.) Plaintiff's service attempt, however, was invalid.  As an initial matter, Plaintiff only mailed the Petition and Summons by certified mail, not certified mail restricted delivery as required by the statute. (*See* Proof of Service, **EXHIBIT 3**.)  More importantly, Progressive County does not engage in business in the State of Oklahoma. (*See* Schedule T of the Annual Report, **EXHIBIT 4;** Affidavit of Michael Uth**, EXHIBIT 6**.)  It is not registered with or otherwise authorized by the state to do so.  As such, the Insurance Commissioner is not its statutory or registered agent for service of process.  For this reason, the Insurance Commissioner could not act as agent and accept service on behalf of Progressive County on December 7, 2020 – or any other date – as claimed by Plaintiff.

The service of process in this case is invalid and improper – *it was served on an entity without the authority to accept service.*  As such, service did not substantially comply with the Oklahoma statutes or federal law, and dismissal is therefore appropriate. *See Velasco, supra; Hukill,* 542 F.3d at 802; *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc*., 2000 OK 78, ¶ 14, 13 P.3d 480, 484.

The fact that Progressive County ultimately received notice of the lawsuit – albeit through improper means – is a distinction without difference.  *Habyarimana v. Kagame*, 821

F.Supp.2d 1244, 1255; *see generally, Washington Mut. Bank FA v. Farhat Enterprises, Inc.,* 2003 OK CIV APP 78, ¶ 11, 73 P.3d 1103 (citing *Graff v. Kelly,* 1991 OK 71, 814 P.2d 489, 495, and holding "service of process by personal delivery to the receptionist of Defendant's place of business was wholly insufficient to confer jurisdiction over the Defendant").  Actual knowledge of the Plaintiff's lawsuit does not dispense with the requirements of service under Oklahoma law. *Habyarimana, supra*.  It likewise does not substitute for proper service of process under Rule 4.  *Id*. (collecting cases).

Unless a Defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements.  *Sieg v. Karnes*, 693 F.2d 803, 807 (8ᵗʰ Cir. 1982) (citing 2 J. Moore and J. Lucas, *Moore's Federal Practice,* ¶ 4.02[3], at 4-45, ¶ 4.08, at 4-95 to -96 ¶ 4.20, at 4-166; and *Johnson v. Kusel*, 298 N.W.2d 91, 93 (S.D. 1980)).  Furthermore, as the *Sieg* Court observed, "[t]his principle remains true despite any actual notice a defendant may have of the lawsuit." *Id.* (citing *Horrigan v. State Farm Insurance Co.,* 106 Wis.2d 675, 680, 317 N.W.2d 474, 477 (1982)); *State v. Kaufman,* 201 N.W.2d 722, 724 (Iowa 1972)).

Plaintiff has failed to serve Progressive County by any legally cognizable method.  As such, this Court should dismiss Plaintiff's claims against it.

**PROPOSITION II:**     **THIS COURT HAS NO PERSONAL JURISDICTION OVER PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**

### A.     *Burden of Proof*

As the party seeking to invoke the jurisdiction of the Court, Plaintiff has the burden of establishing personal jurisdiction. *See OMI Holdings, Inc.,* 149 F.3d at 1091(citing *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir. 1988). When a motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other evidentiary materials, however, a plaintiff need only make a prima facie showing of personal jurisdiction. *Bootenhoff v. Hormell Foods Corp.,* No. CIV-11-1368-D, 2012 WL 3250335, at *1 (W.D. Okla. Aug. 7, 2012); *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)(citing *OMI Holding, Inc., supra*); *Meela, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). At this stage, the Court accepts as true uncontroverted factual allegations and resolves factual disputes in Plaintiff's factor. *Western Farmers Electric Cooperative v. Sterling Planet, Inc.*, 311 F.R.D. 672, 674 (W.D. Okla. 2015) "To defeat Plaintiff's jurisdictional showing, Defendant must present a 'compelling case' that other considerations render jurisdiction unreasonable." *Id*.

To establish personal jurisdiction over Progressive County, the Plaintiff must "show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Id*. (citing *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)(internal

quotation omitted).   Under Oklahoma law, the personal jurisdiction inquiry is simply a federal due process analysis. *Id*.; *Intercon, Inc. v. Bell Atl. Internet Sol*., 205 F.3d 1244, 1247 (10th Cir. 2000); *Rambo*, 839 F.2d at 1416. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472, 105 S.Ct. 2174, 2181 (1985)(citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160 (1945)).

Requiring a party to have meaningful contacts with the forum provides the party with "fair warning that a particular activity may subject them to the jurisdiction of the sovereign." *Burger King*, 471 U.S. at 472.   The "fair warning" requirement gives predictability to the legal system by allowing potential defendants to coordinate their contacts with the forum in such a way that "will or will not render them liable to suit." *Id*.   When the defendant has purposefully directed its activities at residents of the forum and the litigation results from injuries that arise out of or relate to the activities within the forum, the "fair warning" requirement is satisfied and the court may assert personal jurisdiction over the defendant. *Id*.; *also, Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872 (1984).

### B.      Neither General Nor Specific Jurisdiction Exists Here

Jurisdiction over corporations may be either (1) general, or (2) specific.  A court may assert general jurisdiction over a non-resident defendant if the defendant has maintained "continuous and systematic" contacts with the forum.  *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011)*; Helicopteros,* 466 U.S. at 414 & n.9.  The facts required to establish general jurisdiction must be "extensive and persuasive" such that the defendant is considered "at home" within the state. *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014) (citing *Goodyear, supra*).  "This is a rigorous burden, and it ensures that a non-resident will be treated as fairly as a resident of the forum in terms of amenability to suit there." *Deerinwater v. Circus Circus Enterprises,* 2001 OK CIV APP 37, 21 P.3d 646, 650 (citing *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 154 (D.N.J. 1990)).

A court may assert specific jurisdiction upon a showing that the nonresident defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  The minimum contacts for specific jurisdiction require that the cause of action relate to or arise out of the defendant's forum-related activities and that the alleged injuries arise out of those activities.  *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco, et al.,* 137 S. Ct. 1773, 1780 (2017)*; Helicopteros,* 466 U.S. at 414.  These principles are discussed below.

10

1.      *General Jurisdiction.*

The consequences of finding general jurisdiction are stark – a defendant will be subject to suit in that state for any and all claims, including those that do not implicate the defendant's activities there.   A court may assert general jurisdiction over a foreign corporation when the corporation's affiliations with the state are so continuous and systematic as to render the defendant essentially "at home" in the forum state. *Daimler,* 571 U.S. at 135-38.  For a corporation, the "paradigm forums for general jurisdiction" are the company's place of incorporation and the principal place of business, because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id*. (quoting *Goodyear*, 564 U.S. at 925).  Additionally, Oklahoma's federal courts consider a number of factors in evaluating whether a corporate defendant has continuous and systematic contacts with the forum.  Relevant factors may include whether the corporation: (1) is engaged in business in this state; (2) is licensed to do business in this state; (3) owns, leases, or controls property (real or personal) or assets in this state; (4) maintains an office, phone or fax listings within this state; (5) is present by way of shareholder residents of the state; (6) lists phone or fax information in the state; (7) advertises or solicits business in the state; (8) sends salespersons to the state; (9) pays taxes in the state; (10) calls on prospective clients in the state; (11) hires employees in the state; or (12) enjoys a substantial revenue from

customers within the state.  *See*, *e.g.*, *Sheehan Pipe Line Constr. Co. v. Laney Directional Drilling Co.*, 228 F.Supp.2d 1271, 1275-76 (N.D. Okla. 2002) (listing factors).

Plaintiff's Petition is utterly devoid of any allegation, let alone proof, that Progressive County has any contacts with the State of Oklahoma, let alone contacts which would suggest the company is "at home" in the state.  Progressive County is a Texas corporation with its principal place of business in Austin, Texas.  As such, its "paradigm forum" is the State of Texas. Further, the Affidavit attached hereto as **EXHIBIT 6** shows that Progressive County does not meet <u>any</u> of the criteria set forth in *Sheehan*, *supra*.  For instance, Progressive County (1) is not engaged in business in this state; (2) is not licensed to do business in this state; (3) does not own, lease, or control property in this state; (4) does not maintain an office, phone or fax listings within this state; (5) does not list phone or fax information in the state; (6) does not advertise or solicit business in the state; (7) does not send salespersons to the state; (9) does not call on prospective clients in the state; and (10) does not hire employees in the state.  (*See*, respectively, ¶¶ 9-17 of "Factual Background," above.)

In short, Plaintiff has not shown Progressive County has engaged in "continuous and systematic contacts" with the State of Oklahoma such as would render the company "at home" in the state and justify an exercise of personal jurisdiction over it.  In the absence of such "persuasive" proof of general jurisdiction, this Court's only remaining basis to exercise personal jurisdiction over Progressive County is through "specific jurisdiction."  However, this too is lacking.

12

2.    ***Specific Jurisdiction.***

The Supreme Court of the United States has held that three conditions must be satisfied for the exercise of specific jurisdiction over a nonresident defendant:

> (1) the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum state"; and
>
> (2) the plaintiff's claim must "arise out of or relate to" the defendant's contacts with the forum state; and
>
> (3) upon satisfaction of the first two conditions, the court must find that the exercise of jurisdiction is "reasonable under the circumstances."

*Bristol-Myers*, 137 S.Ct. at 1785-86 (internal citations omitted).  In this analysis, all three prongs must be met separately and severally.

To show purposeful availment, Plaintiff must demonstrate that Progressive County "'purposefully directed' its activities at the forum state ... or 'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state." *Zon LED, LLC v. Power Partners, Inc.*, 2017 WL 4158663, at *2 (W.D. Okla. Sept. 19, 2017)(citing *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)); *J. McIntyre Machines, Ltd. v. Nicastro,* 564 U.S. 873, 885-86, 131 S. Ct. 2780, 2790-91 (finding no purposeful availment where the defendant's only contact with the forum was that its machine ended up in the state); *Helicopteros, supra* (submission through contact with and activity directed at a sovereign may justify specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum.").  "Purposeful availment generally

requires *affirmative* conduct by the nonresident defendant that creates a substantial connection to the state; 'random, fortuitous, or attenuated contacts' or 'unilateral activity of another party' is insufficient." *Zon LED, LLC*, *supra* at *3 (citing *Burger King*, 471 U.S. at 475). "The **unilateral** activity of those who claim some relationship with a non-resident defendant **cannot** satisfy the requirement of contact with the forum State." *Hanson,* 357 U.S. at 253 (emphasis added); *Rambo,* 839 F.2d at 1419 (citing *Burger King Corp.*, 471 U.S. at 474-75)(A defendant will not be forced to submit to a court's power solely as a result of random or attenuated contacts or the unilateral activity of another party or a third person). Rather, the focus is on whether the defendant has purposefully availed "itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Nicastro,* 564 U.S. at 2782 (citing *Hanson*, 357 U.S. at 253).

Applying these principles to the case at hand, the record is completely devoid of "those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction." *World-Wide Volkswagen Corp.*, 444 U.S. at 295. Progressive County conducts no activity whatsoever in Oklahoma. It does not have an office in Oklahoma, has no sales here, and performs no services here. It avails itself of none of the privileges and benefits of Oklahoma law.

Here, Plaintiff attempts to base jurisdiction on one isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single automobile insurance policy, sold in Texas to a Texas company, possibly involving one vehicle passing

through the State of Oklahoma, happened to suffer an accident while there.  The law requires more.

Progressive County anticipates Plaintiff will argue that because a vehicle is "mobile" by its very design and purpose, it is naturally "foreseeable" that Progressive County and its insured could be haled into any jurisdiction the vehicle may travel to.  This *precise* argument was <u>squarely rejected</u> by the United States Supreme Court over forty years ago in the landmark case of *World-Wide Volkswagen Corp.*, 444 U.S. at 296 (holding "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause").  The Court elaborated:

> If foreseeability were the criterion, a local California tire retailer could be forced to defend in Pennsylvania when a blowout occurs there, see *Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc.*, 239 F.2d 502, 507 (CA4 1956); a Wisconsin seller of a defective automobile jack could be haled before a distant court for damage caused in New Jersey, *Reilly v. Phil Tolkan Pontiac, Inc.*, 372 F.Supp. 1205 (N.J.1974); or a Florida soft-drink concessionaire could be summoned to Alaska to account for injuries happening there, see *Uppgren v. Executive Aviation Services, Inc.*, 304 F.Supp. 165, 170-171 (Minn.1969). Every seller of chattels would in effect appoint the chattel his agent for service of process. His amenability to suit would travel with the chattel.

*Id.*

The same rationale applies to Progressive County.  When Progressive County issued an insurance policy to a Texas company, which in turn may have driven through Oklahoma, which in turn was in a wreck, which in turn was sued, it did not appoint the vehicle its agent for service of process; Progressive County's amenability to suit did not travel with the

vehicle.  The law is crystal clear in this regard.  The focus is not the likelihood that one of

Progressive County's insured vehicles would travel to Oklahoma or anywhere else.  Instead,

the focus is Progressive County's conduct and connection with the State of Oklahoma.  As

the United States Supreme Court observed:

> "[F]oreseeability" that is critical to due process analysis is not
> the mere likelihood that a product will find its way into the
> forum State.  Rather, it is that the Defendant's conduct and
> connection with the forum State are such that he should
> reasonably anticipate being haled into court there.

*Id*. at *297*.  Applying the above law, it is apparent that Progressive County's actions – or lack

thereof – with regard to the State of Oklahoma are insufficient to satisfy the first prong of the

*Bristol-Myers* analysis.

The second prong is similarly unmet, inasmuch as Plaintiff's claims arise from actions

taken by the Co-Defendants <u>only</u>.  Indeed, an injury in the forum state alone is insufficient

to establish specific jurisdiction absent "direct and specific conduct with this State directly

related to the incident giving rise to the injuries." *Montgomery* v. *Airbus Helicotpers, Inc*.,

2018 OK 17, 414 P.3d 824, 833 (cited with approval by the Western District in *Cagle v.

Rexon Industrial Corp., Ltd.,* Case No. CIV-18-1209-R, 2019 WL 1960360, at *8 (W.D.

Okla. May 2, 2019)(slip copy)).

Although not precedential, *Montgomery, supra*, is nevertheless instructive.

*Montgomery* was a products liability case involving a helicopter crash.  The Oklahoma

Supreme Court granted certiorari to consider the trial court's dismissal of two nonresident

16

corporations for lack of personal jurisdiction. *Id*. The helicopter at issue was designed and manufactured in France and sold by Airbus Helicopters, Inc. ("Airbus"), a Texas company, to Ballard Aviation d/b/a EagleMed ("EagleMed"), a Delaware Corporation with its principal place of business in Kansas. *Id*. The helicopter's engine was designed in the State of Washington by Soloy, L.L.C. ("Soloy"). *Id*. at 826. The helicopter's pilot and crew were from Oklahoma, hired by EagleMed. *Id.* The *Montgomery* accident happened in Oklahoma, after the helicopter launched from an Oklahoma base, and two Oklahoma citizens died. *Id*. The plaintiffs sued Airbus and Soloy, claiming an engine defect, and argued that because millions of dollars of the defendants' products were sold in Oklahoma, Airbus and Soloy were subject to Oklahoma jurisdiction. *Id* at 828.

The Oklahoma Supreme Court disagreed, and affirmed the trial court's dismissal of these defendants for lack of personal jurisdiction. *Id*. at 825. In doing so, the Court rejected the use of a "stream of commerce," "sliding scale," or "totality of the contacts" approach to establish specific jurisdiction in Oklahoma. Rather, citing *Bristol-Myers, supra*, it ruled that specific jurisdiction did not exist because defendants' conduct in Oklahoma did not actually give rise to the plaintiff's injury. *Id*. at 833-34.

Here, the facts are even more compelling. Progressive County does not conduct any business in Oklahoma. As such, it is impossible for Plaintiff's claims to have arisen from the company's conduct in the state. In the absence of some intentional action on the part of

Progressive County, actually giving rise to Plaintiff's claims, this Court does not have specific jurisdiction.

Personal jurisdiction – general or specific – is clearly nonexistent against Progressive County, a Texas entity. Consequently, Plaintiff's cause of action against Progressive County should be dismissed.

<u>CONCLUSION</u>

WHEREFORE, Defendant, Progressive County Mutual Insurance Company, appear specially, and respectfully requests that this court dismiss Plaintiff's claims against it on the grounds that it  is not subject to the this Court's personal jurisdiction and has not been properly served with this lawsuit, together with all such other and further relief as this court may deem just and proper.

Respectfully submitted,

s/ Lauren N. Watson
Paul M. Kolker, OBA No. 18749
Brad L. Roberson, OBA No. 18819
Lauren N. Watson, OBA No. 33636
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       paul@rkcglaw.com
             brad@rkcglaw.com
             lauren@rkcglaw.com
**ATTORNEYS FOR PROGRESSIVE COUNTY
MUTUAL INSURANCE COMPANY**

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jason Waddell, Esquire
Maurice G. Woods, II, Esquire
Kelly A. Chilcoat, Esquire

s/ Lauren N. Watson
For the Firm

19