# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT G. MARTIN VI,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. CIV-20-1313-G** |
| | ) |
| **JUAN CARLOS MENDEZ JACOBO** | ) |
| et al., | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiff Robert G. Martin IV's Motion to Strike (Doc. No. 17), seeking to strike the Motion to Dismiss (Doc. No. 14) filed by Defendant S&S Trucking ("S&S").

*I.  Background*

On December 2, 2020, Plaintiff initiated this lawsuit in state court, filing a petition (the "Complaint") raising negligence-based claims against seven defendants. *See* Doc. No. 1-2. On December 31, 2020, following removal to this Court, S&S filed an Answer (Doc. No. 5) to the Complaint. The Answer stated multiple defenses, including failure to state a claim, lack of personal jurisdiction, and lack of capacity to be sued. *See* Answer at 7, 8; *see also* Fed. R. Civ. P. 8(b)(1), (c)(1); *id.* R. 9(a)(2).

On February 2, 2021, S&S filed a Motion to Dismiss, seeking dismissal of Plaintiff's claims pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. As grounds for dismissal, S&S argued that "S&S Trucking" is merely a trade name of a sole proprietorship and that under Oklahoma law, a trade name lacks the capacity

to be sued.  *See* Def.'s Mot. to Dismiss at 1-3.  S&S further alleged that it lacks a separate legal existence from its sole proprietor and thus a plausible legal claim cannot be raised against it.  *See id.* at 3-4.

Plaintiff responded to the Motion to Dismiss but also filed the instant Motion to Strike that filing.  S&S has responded (Doc. No. 24) to the Motion to Strike, Plaintiff has replied (Doc. No. 26), and the matter is now at issue.

II.     *Plaintiff's Motion to Strike*

In his Motion, Plaintiff requests that S&S's Motion to Dismiss be stricken for several reasons.  *See generally Kirven v. Curry Cnty. Det. Ctr.*, 407 F. Supp. 3d 1184, 1185 (D.N.M. 2019) ("The Court has inherent authority to manage its docket, including the authority to strike filings." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962))).

First, Plaintiff argues that the Motion to Dismiss, being presented after an answer already was filed including the same defenses, was filed in contravention of Federal Rule of Civil Procedure 12(b), which prescribes: "A motion asserting any of [the Rule 12(b)(1) through (b)(7)] defenses must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b); *see also id.* R. 7(a)(2).  S&S responds that Plaintiff "misconstrues" this language and that district courts have permitted a defendant to raise a defense through a post-answer motion, even though the defense was previously asserted in an answer.  *See* Def.'s Resp. at 2-3 (citing *Hedges v. Trailer Express, Inc.*, No. CIV-14-1145-R, 2015 WL 402857 (W.D. Okla. Jan. 29, 2015); *Tesh v. U.S. Postal Serv.*, 215 F. Supp. 2d 1220 (N.D. Okla. 2002)).

2

The Court disagrees that Plaintiff has misconstrued Rule 12(b), whose language is quite plain. "A defendant must assert its Rule 12(b) defenses within its responsive pleading if it chooses not to first move the court for dismissal based upon those defenses; however, a defendant may not move the Court for dismissal based upon a Rule 12(b) defense within the responsive pleading itself." *Quill Ink Books Ltd. v. ABCD Graphics & Design Inc.*, No. CIV-18-920-G, 2019 WL 510461, at *1 (W.D. Okla. Feb. 8, 2019); *accord* 5C Arthur R. Miller et al., *Federal Practice and Procedure (Wright & Miller)* § 1361 (3d ed. 2004) ("If the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer.").

Recognizing that courts have permitted exceptions to this timing requirement under certain circumstances, the Court finds that no such circumstances are present. The decisions cited by S&S were addressing the specific interplay between Rule 12(b) and the waiver provisions of Rule 12(h)(1) and are not persuasive here. *See Hedges*, 2015 WL 402857, at *1-3; *Tesh*, 215 F. Supp. 2d at 1225-26.[1] S&S offers no other basis for the Court to allow presentation of the Rule 12(b) motion, for which S&S did not seek leave, which raises defenses that were previously known to S&S, and which was filed more than one month after the filing of the Answer.

Plaintiff next acknowledges that courts generally may construe a Rule 12(b) motion to dismiss filed after an answer as a Rule 12(c) motion for judgment on the pleadings. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); Fed. R. Civ. P.

---

[1] Plaintiff has made no waiver argument, and the Court makes no finding regarding waiver of the cited defenses.

3

12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); *see also Adams v. Jones*, 577 F. App'x 778, 781-82 (10th Cir. 2014). The Court finds that such a construction is not warranted here, principally because S&S has not made a considered request for such relief or presented any reason it did not file a Rule 12(c) motion at the outset. *See* Def.'s Resp. at 3-4 (asserting "that, worst case scenario," the motion "should simply be converted" and that S&S "fully complied with the Federal Rules of Civil Procedure"); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); LCvR 7.1(c) (prescribing that "[a] response to a motion may not also include a motion"). In addition, the Motion to Dismiss would not have been a proper motion for judgment under Rule 12(c), as the pleadings were not yet closed at the time it was filed. *See* Pl.'s Mot. to Strike at 4. Finally, in responding to the Motion to Dismiss, Plaintiff points to numerous alleged factual disputes relevant to determination of S&S's argument of lack of capacity. *See* Pl.'s Resp. (Doc. No. 19) at 4-7. Such disputes are not conducive to resolution under Rule 12(c):

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.

5C *Federal Practice and Procedure (Wright & Miller)*, *supra*, § 1367 (footnotes omitted), *cited with approval in Adams*, 577 F. App'x at 782.

CONCLUSION

Based upon the foregoing, Plaintiff Robert G. Martin IV's Motion to Strike (Doc. No. 17) is GRANTED. The Motion to Dismiss (Doc. No. 14) filed by Defendant S&S Trucking is hereby STRICKEN from the record.

This matter shall be set for a status and scheduling conference on the Court's next available conference docket.

IT IS SO ORDERED this 7th day of July, 2021.

_____
CHARLES B. GOODWIN
United States District Judge